Filed 4/25/25  P. v. Sanders CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL K. SANDERS,<br><br>    Defendant and Appellant. | 2d Crim. No. B333422<br>(Super. Ct. No. SB211464)<br>(Santa Barbara County) |

Daniel K. Sanders was serving 25 years to life under the "Three Strikes" law (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12) plus one year for one of five prior prison terms (§ 667.5, subd. (b)).  He petitioned for relief under section 1172.75 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  The trial court struck the one-year prior prison term but otherwise denied relief.  We remand for calculation of credits for actual time served.  In all other respects, we affirm.

---

[1] All further statutory references are to the Penal Code.

FACTS

*Underlying Offense*

In 1996, Sanders was convicted by a jury of one count of a lewd act on a 10-year-old child. (§ 288, subd. (a).) The jury also found true that Sanders had two prior "strike" convictions (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)) and served five prior prison terms (§ 667.5, subd. (b)). The trial court sentenced Sanders to 25 years to life, plus one year for one prior prison term and stayed imposition of sentence on the other prison term priors.

At trial of the underlying offense the prosecution produced evidence that Sanders also sexually molested a five-year-old child and a six-year-old child, and molested and raped a 13-year-old child.

We affirmed the conviction and sentence. (*People v. Sanders* (June 26, 1997, B102097) [nonpub. opn.].)

*Prior Strikes*

In 1970, Sanders was convicted of second degree burglary. (§ 459.) In treating the burglary as a strike, the trial court reviewed the record and determined the burglary was of an inhabited building.

In 1976, Sanders was convicted of assault with a deadly weapon. (§ 245, subd. (a).)

*Section 1172.75 and* Romero *Motion*

In April 2022, Sanders filed a petition for resentencing under section 1172.75 and to strike a prior strike in the interest of justice pursuant to *Romero, supra,* 13 Cal.4th 497.

Sanders argued further incarceration serves no useful purpose. He is 76 years old and claims to suffer from hepatitis C, degenerative disk disease, venous stasis disease, chronic obstructive pulmonary disease, diabetes, and hypertension. Sanders claims he uses a walker and a wheelchair. He claims his behavior has

substantially improved in prison and that he is classified as a low risk for recidivism. Sanders pointed out that his crimes occurred decades ago and asked the trial court to strike his 53-year-old burglary conviction pursuant to *Romero*.

The prosecutor opposed any reduction in Sanders' sentence beyond striking the one-year prior prison sentence enhancement. The Comprehensive Risk Assessment conducted in December 2022 showed Sanders represented a moderate to medium risk for violence and above average risk relative to other sex offenders. The assessment stated that Sanders remains physically capable of molesting children despite his medical conditions. Sanders has not completed any rehabilitation, self-help or vocational programs. His performance in his work assignments has been sporadic. The prosecutor argued that Sanders remains a danger to the community and that his continued incarceration is in the interest of justice.

The prosecutor also opposed Sanders' *Romero* motion. The prosecutor stressed that Sanders' lengthy and serious criminal history brings him squarely within the spirit of the Three Strikes law. His first conviction (battery) occurred in 1966 when he was 18 years old. Sanders continued to commit offenses until 1996 when he was sentenced to 26 years to life. Between his first offense and his 1996 conviction, he served multiple prison terms.

The prosecutor further argued that Sanders' post-conviction behavior shows that he is not entitled to *Romero* relief. He has engaged with little to no programming to address the attitudes and behaviors that led to his incarceration. He has broken both serious and minor prison rules. He has not demonstrated growth, insight or remorse for his crimes, and continues to deny responsibility.

*Ruling*

The trial court stated in part:

3

"[W]hat I've concluded is that the sentence at the time was appropriate. It's clear to me that the strikes at the time should not have been stricken. There was a pattern of abuse of people that the defendant engaged in. He had crimes -- multiple crimes against children or -- that were part of the case. Now, he may not have pled guilty to those, but there were children involved in some of those cases, as well as earning strikes independently.

"And I did look at the -- one of the more recent parole reports, on page 7 of 12 of the last report, and it talks about historic risk factors and current relevance. And it says that he has eight out of the ten predictive factors for violent recidivism.

"And so I – I've looked at everything. I've tried to look at it in the best light in favor of Mr. Sanders. But I -- I don't believe that he should be resentenced to anything less than the 25 years to life. I'm not going to strike any of the prior strikes. I don't think it was appropriate to strike them then. I don't think it would be appropriate to strike them now. And I think that his physical factors are not the type that would warrant me changing the sentence."

The trial court struck the one-year prior prison term enhancement but allowed the 25-years-to-life sentence to remain.

DISCUSSION

*I. Section 1172.75*

Section 1172.75, subdivision (a) provides that a sentence enhancement for a prior prison term (§ 667.5, subd. (b)) imposed prior to January 1, 2020, is invalid. Section 1172.75, subdivision (c) requires the court, upon finding a judgment, includes such an enhancement to recall the sentence and resentence the defendant. In resentencing, the court must apply any changes in the law that reduce sentences or provide for judicial discretion so as to eliminate

4

disparity and promote uniformity in sentencing.  (*Id*. at subd. (d)(2).)

Sanders argues for the first time on appeal that *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*) and the Sixth Amendment to the United States Constitution compel the trial court to dismiss his burglary conviction as a strike.

In *Gallardo*, our Supreme Court held the trial court violates the Sixth Amendment right to a jury trial when it makes factual findings about the nature of the defendant's prior conviction in imposing an enhanced sentence. (*Gallardo, supra,*  4 Cal.5th at pp. 138-139.)  Sanders points out that in sentencing him on the underlying conviction, the trial court considered facts from his burglary's record of conviction to determine that the burglary constituted a strike.

The People rely on *In re Milton* (2022) 13 Cal.5th 893 (*Milton*).  In *Milton*, the defendant was convicted of two robberies in Illinois.  In sentencing the defendant for a California robbery conviction the trial court reviewed the records of the Illinois convictions to determine whether they qualified as strikes.  The court found the defendant used a firearm in both robberies.  The court imposed a third strike sentence.  The Court of Appeal affirmed, and our Supreme Court denied review.

After *Gallardo, supra*, 4 Cal.5th 120 was decided, the defendant in *Milton* petitioned for a writ of habeas corpus claiming *Gallardo* applied retroactively to his California robbery conviction. Our Supreme Court determined that the ruling in *Gallardo* is a procedural, not a substantive rule, under both federal and California law and does not apply to the defendant's final judgment. (*In re Milton, supra*, 13 Cal.5th at p. 919.)

Sanders argues that he is not seeking a retroactive application of *Gallardo*.  Instead, he argues the trial court must

5

apply *Gallardo* to the present resentencing mandated by section 1172.75. He cites section 1172.75, subdivision (d)(2), which provides in part: "The court shall . . . apply any . . . changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." He argues *Gallardo* is such a change in the law.

But Sanders' argument involves more than simply applying current law to the substantive offenses to derive a sentence. It involves attacking a finding of fact – that Sanders burglarized an inhabited building – made by the trial court in 1996. This case is governed by *In re Milton, supra*, 13 Cal.5th 893, in which our Supreme Court held the defendant could not apply *Gallardo* to retroactively attack a similar finding of fact resulting in a third strike sentence.

Moreover, Sanders does not discuss the constitutionality of applying the resentencing provisions of section 1172.75 to a Three Strikes sentence. (See *People v. Superior Court (Guevara)* 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305.)

*II.* Romero *Motion*

Sanders contends the trial court abused its discretion in denying his *Romero* motion.

In *Romero, supra*, 13 Cal.4th 497, our Supreme Court held that courts have discretion to dismiss prior strikes under the Three Stikes law. (*Id*. at pp. 529-530.) In exercising its discretion, the court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious

6

and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Sanders has an extensive criminal history, including prior prison terms. His most recent conviction was for a lewd act on a 10-year-old girl. Trial in that case showed Sanders had committed lewd acts on at least three other girls and raped one of them. Sanders' time in prison has not been well spent. He has not completed any rehabilitation, self-help, or vocational programs. Performance in his work assignments has been sporadic. Sanders remains a moderate to medium risk for violence. Finally, in spite of Sanders' age and physical limitations, he remains capable of molesting children.

Sanders is well within the spirit of the Three Strikes law.

### III. Credits

Sanders contends the trial court failed to calculate credit for actual time served. The People concede that section 2900.1 and *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, require the trial court to calculate credit for actual time served upon resentencing. The trial court failed to do so.

### DISPOSITION

The matter is remanded to the trial court to calculate credit for actual time served. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          BALTODANO, J.

7

Michael J. Carrozzo, Judge

Superior Court County of Santa Barbara

_____

Law Offices of Andrew F. Alire and Andrew F. Alire, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Kathy S. Pomerantz and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.